2013 OK 101

STATE of Oklahoma, ex rel., OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Nathaniel K. SODERSTROM,
Respondent.

No. SCBD–5948.

Supreme Court of Oklahoma.

Nov. 26, 2013.

Rehearing Denied March 27, 2014.

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma for complainant. Respondent.

Nathaniel K. Soderstrom, Chandler, Oklahoma appearing pro se.

REIF, V.C.J.

¶ 1 This case is an attorney disciplinary proceeding against Respondent, Nathaniel K. Soderstrom, pursuant to Rule 7; (Summary Disciplinary Proceedings before the Supreme Court) 5 O.S.2001, Ch. 1, App. 1–A. The primary basis for discipline is the plea of guilty that Respondent entered in Lincoln County to the felony charge of unlawful possession of a controlled dangerous substance. On November 7, 2012, the court sentenced Respondent to eight years with the Depart-ment of Corrections on this charge, but de-layed commitment pending successful com-pletion of the drug court program.

¶ 2 On December 3, 2012, this Court issued an Order of Interim Suspension. Respondent filed his Brief in Support of Mitigation of Discipline on December 21, 2012. We subsequently assigned the matter to the Professional Responsibility Tribunal (PRT) for a hearing with the directive that the "range of permissible inquiry shall not extend beyond the issues allowed under Rule 7.4."

¶ 3 The PRT conducted the mitigation hearing on February 4, 2013. Thereafter, the PRT issued its report on March 27, finding that Respondent pled guilty to felony possession of a controlled substance and was sentenced to eight years with the Department of Corrections. The PRT noted that this sentence was deferred upon successful completion of Drug Court. The PRT also found that Respondent was accepted into Lincoln County Drug Court on November 24, 2012, and Respondent acknowledged as part of its terms he "must remain drug and alcohol free."

¶ 4 The PRT further found that on December 17, 2012, Respondent stopped to see friends whom he thought were "clean" but were smoking methamphetamine when he arrived. The PRT noted that Respondent's Brief in Support of Mitigation of Discipline stated that he thought about using and went so far as putting the pipe in his mouth but did not light it. As a result of this incident, Respondent later tested positive for methamphetamine.

¶ 5 In another part of the report, the PRT noted a second incident in which Respondent engaged in drug use while in the drug court program. This occurred February 13, 2013, just nine days after the disciplinary hearing. A supplemental report submitted by the General Counsel disclosed that Respondent reported to Lincoln County Drug Court under the influence of Percocet without a prescription, and was sentenced to five days in jail.

¶ 6 The PRT noted Respondent's acknowledgment that he was an addict and alcoholic with methamphetamine use going back to age fifteen. Respondent explained that he

began using methamphetamine in high school because it was prevalent and inexpensive. He also admitted use of Oxycodone for the pain killer effect and Ativan for anti-anxiety. In describing his substance abuse problems, Respondent testified that it was a struggle to stay sober but that his father and brother were supportive and would not enable him. Respondent testified that he had gone as long a seven years without using and he "believed" that he was sober during college and law school while maintaining a 4.0 GPA. In his Brief in Support of Mitigation of Discipline, Respondent stated that admission to the Lincoln County Drug Court changed his life.

¶ 7 At the hearing before the PRT, Respondent stated that he was "trying" to deal with his addiction in an outpatient manner. He related that he now handled his anxiety by exercising and attended at least three AA meetings per week. He added that he often went to AA meetings four to five times a week and stated that sobriety was the most important thing in his life. Respondent testified that his December relapse occurred because he was feeling depressed about a girl and went to see a friend whom he believed to be sober. He admitted he did not leave when he discovered the friend and his wife smoking methamphetamine, but denied smoking himself. He believed he ingested methamphetamine when he put the pipe up to his mouth "breathing in, some of the loose methamphetamines had—had gotten into [his] mouth." As a result of this episode, Respondent tested positive for methamphetamine at 520ng/mL.

¶ 8 The PRT found that Respondent had a substance abuse problem and that he continued to abuse alcohol and other substances, as demonstrated by his positive test for methamphetamine just nine days after the disciplinary hearing and his later appearance at Drug Court under the influence of Percocet without a prescription. The PRT determined that these violations of sentence imposed sobriety rendered him unfit to practice law and subjected him to discipline. The PRT concluded Respondent should be suspended from the practice of law for two years and one day, in order to safeguard the interest of the public and to preserve the public confidence in the legal profession and the entire judicial system.

¶ 9 The regulation of licensure, ethics, and discipline of legal practitioners is a nondelegable, constitutional responsibility solely vested in this Court in the exercise of our exclusive jurisdiction. *State ex rel. Oklahoma Bar Ass'n v. Albert*, 2007 OK 31, 163 P.3d 527. This Court will conduct a de novo review of the record to determine if misconduct has occurred and what discipline is appropriate. *State ex rel. Oklahoma Bar Ass'n v. Garrett*, 2005 OK 91, 127 P.3d 600.

¶ 10 To impose appropriate discipline, the record must be sufficient for this Court to conduct a thorough inquiry into essential facts. *State ex rel. Oklahoma Bar Ass'n v. Donnelly*, 1992 OK 164, 848 P.2d 543. The record in this case includes transcripts of the mitigation hearing on February 4, 2013, and the Trial Panel Report. Respondent appeared at the proceedings before the PRT and was heard by way of testimony and argument. The record also contains Respondent's Brief in Support of Mitigation of Discipline and the brief he submitted to this Court on review of the PRT proceedings. We find this record to be adequate for our independent, non-deferential examination. *State ex rel. Oklahoma Bar Ass'n v. Burns*, 2006 OK 75, 145 P.3d 1088.

¶ 11 Upon de novo review, we independently determine Respondent has committed acts constituting misconduct and should be suspended from the practice of law. More particularly, Respondent's felony conviction for possession of a controlled substance and his violations of the drug court condition to remain drug free constitute clear and convincing evidence of Respondent's professional misconduct under Rule 8.4(b), Rules of Professional Conduct, 5 O.S.2011, Ch. 1, App. 3–A. Under Rule 8.4(b), it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." This Court has previously said that suspension from the practice of law for two years and a day is appropriate discipline for such misconduct in order "to deter the [offending lawyer] from similar fu-

ture conduct and as a restraining vehicle on others who might consider committing similar acts." *State of Oklahoma ex rel. Oklahoma Bar Association v. Tully*, 2000 OK 93, ¶¶ 20–23, 20 P.3d 813, 817–818.

¶ 12 While we are mindful that Respondent is taking meaningful steps to address and resolve his addictions, his continued relapses while in the drug court program adversely impact on his fitness to practice law. His failure to strictly observe requirements imposed upon him personally by the drug court indicates he cannot be trusted to fulfill undertakings on behalf of clients.

¶ 13 Accordingly, we suspend Respondent from the practice of law for two years and a day because we believe a substantial period of sobriety and non-drug use must be shown before this Court can trust Respondent to handle client matters. We also order Respondent to pay the costs of this proceeding in the amount of $1,223.75, within thirty days of the date this opinion becomes final. In the event Respondent seeks reinstatement, it will be conditioned upon compliance with Rule 11 and his continued sobriety and non-drug use, as it is essential to his rehabilitation and his fitness to practice law. *See State ex rel. Oklahoma Bar Ass'n v. Briery*, 1996 OK 45, ¶ 14, 914 P.2d 1046, 1050; *see also State ex rel. Oklahoma Bar Ass'n v. Rogers*, 2006 OK 54, 142 P.3d 428, 436. Respondent will carry the burden to demonstrate continuing participation in such programs as Alcoholics Anonymous, Narcotics Anonymous, or Lawyers Helping Lawyers, should he choose to regain membership to the Bar. *Id.*

**RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS AND ONE DAY; RESPONDENT ORDERED TO PAY COSTS.**

¶ 14 ALL JUSTICES CONCUR.