OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIVENS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIVENS
2014 OK 103
Case Number: SCBD-6153
Decided: 11/25/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 103, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
BLAKE RODMAN GIVENS, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 Respondent entered a plea of guilty on two misdemeanor charges, including domestic abuse, in the District Court of Tulsa County, Oklahoma and received an 18 month deferred sentence. While on probation, Respondent pled nolo contendere to disturbing the peace in Tulsa Municipal Court. The district attorney moved to accelerate the judgment and sentence which the district court granted. Respondent received a one year suspended sentence. Respondent notified the Complainant of his conviction, and pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings, 5 O.S. 2011, Ch. 1, App. 1-A, the Complainant filed with this Court certified copies of the relevant court documents; whereupon, this Court entered an order of interim suspension. Respondent filed a brief to support mitigation of discipline. Complainant responded.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR
TWO YEARS AND ONE DAY; ORDERED TO PAY COSTS

Loraine Dillinder Farabow, First Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.
Respondent, Blake Rodman Givens, Tulsa, Oklahoma, appearing pro se.

COMBS, J.

¶1 This case is a summary disciplinary proceeding against Respondent Blake Rodman Givens, pursuant to Rules 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings ("RGDP"), 5 O.S. 2011, Ch. 1, App. 1-A.

FACTUAL AND PROCEDURAL BACKGROUND

¶2 On or about the evening of July 3, 2011, Respondent's wife and two children were sleeping in their car to avoid Respondent who was intoxicated. Respondent approached the car and accused the son, who was 14 years of age, of breaking a television set. Respondent's son exited the vehicle and soon thereafter a verbal and physical altercation ensued. During the incident Respondent punched his son in the mouth causing a small cut and swollen lip. This occurred in the presence of Respondent's wife and 7 year old daughter. Tulsa Police were called and Respondent was arrested. On February 23, 2012, Respondent pled guilty to domestic assault and battery in the presence of a minor child (21 O.S., § 644 (F)) and disturbing the peace (21 O.S., § 22), in case CM-2011-3434, Tulsa County, Oklahoma. The district court withheld entering a judgment of guilt and deferred sentencing for 18 months. The district court also ordered Respondent to report to a Batterer's Intervention Program.

¶3 On April 21, 2013, while Respondent was on probation for the first incident, Respondent was intoxicated and allegedly struck his son in the back of his head. Respondent's son called 911. The Police arrived and arrested Respondent for disturbing the peace. On April 25, 2013, Respondent entered a plea of no contest in Tulsa Municipal Court. Thereafter, upon application by the Tulsa County District Attorney, the district court accelerated Respondent's deferred sentence in case CM-2011-3434. The Respondent confessed to the State's application to accelerate and on May 14, 2014, judgment and sentence was filed. The district court found Respondent had previously pled guilty in case CM-2011-3434 to the misdemeanor crime of assault and battery in the presence of a minor child in violation of 21 O.S., § 644 (F). Respondent was sentenced to the Tulsa County jail for a period of one year; however, the entire sentence was suspended. He was ordered to undergo counseling, take random urine analysis tests, attend and complete the AIP/DVIS program, and not to consume any unprescribed medication or illegal drugs.

¶4 Respondent notified the Complainant, Oklahoma Bar Association ("OBA"), on June 3, 2014, of his conviction for domestic violence in the presence of a minor, and disturbing the peace and of his subsequent arrest for creating a disturbance while intoxicated. He admitted his actions were the result of his intoxication and had involved physical and verbal abuse. Respondent additionally stated:

. . . when my lawyer/father/partner died in 2009, my real problems began
. . . Upon my father's death I essentially quit practicing law, referred my cases to other attorneys, and have probably made two court appearances with other attorneys.

I took 52 weeks of DVIS classes. I spent 5 months in rehab . . ., wore an ankle, alcohol monitor for an additional 4 months with drug testing. I have a sponsor, lived in a ½ way house 2 months, attend AA two times a week. I have had 3 relapses. I am an Alcoholic, but believe I have harmed no clients, only brought humiliation to the bar, and my family.

My primary focus has been and continues to be on my health, and that hopefully someday I will be able to practice law and support my family. I believe I am fit presently. I do not intend to defend myself, my actions have been wrong.

Upon receiving this information, the OBA opened a formal investigation and forwarded Respondent's court documents to the Chief Justice of this Court.

¶5 On July 15, 2014, this Court ordered the interim suspension of the Respondent from the practice of law pursuant to Rule 7.3 RGDP. Respondent was given until July 28, 2014, to show cause why the order of interim suspension should be set aside. The Respondent did not respond to the show cause order concerning his interim suspension. The order also gave Respondent until August 18, 2014, to show cause why a final order should not be imposed, to request a hearing, or to file a brief and any evidence tending to mitigate the severity of discipline. Respondent's Brief Requesting Consideration of Mitigating Circumstances was filed on August 21, 2014. In his handwritten brief, Respondent stated he will not request a hearing and he had no defenses. He also stated he has never been previously disciplined, he has completed 52 weeks of DVIS classes and he has reconciled with his son. Respondent also apologized for his actions and requested to be reinstated. Attached to the brief is a letter dated August 11, 2014, written by Thomas R. Brett on Respondent's behalf. Mr. Brett is a member of the Bar and stated "Blake Givens has matured and grown from his disbarment experience . . . I sincerely believe Blake Givens is professionally prepared to resume his obligations as a practitioner of the law."

¶6 On August 22, 2014, the day after Respondent filed his handwritten brief, he contacted an OBA Investigator and told him he had an alcohol related relapse. He also told the investigator he was attempting to "detox" at home because he was unsure if his insurance would cover in-patient "detox."

¶7 The July 15, 2014, order gave the OBA until September 2, 2014, to respond to any briefs the Respondent may file concerning a final order. On September 3, 2014, the OBA filed its response brief in support of a final order and an Application to Assess Costs in the amount of fourteen dollars and nine cents ($14.09). In its response brief, the OBA recommended Respondent be suspended from the practice of law for two years and one day commencing from the date of the interim suspension and he be assessed costs.

STANDARD OF REVIEW

¶8 This Court has exclusive original jurisdiction over Bar disciplinary matters. State ex rel. Oklahoma Bar Ass'n v. Funk, 2005 OK 26, ¶3, 114 P.3d 427, 430. Protecting the public and purification of the Bar are the primary purpose of disciplinary proceedings rather than punishment of the offending attorney. State ex rel. Oklahoma Bar Ass'n v. Chappell, 2004 OK 41, ¶23, 93 P.3d 25, 31. This Court will conduct a de novo review of the record to determine if misconduct has occurred and what discipline is appropriate. State ex rel. Oklahoma Bar Ass'n v. Soderstrom, 2013 OK 101, ¶9, 321 P.3d 159, 160.

¶9 The record must be sufficient for this Court to conduct an inquiry into essential facts. Soderstrom, 2013 OK 101 at ¶10. On July 2, 2014, the OBA filed certified copies of the information, two orders of deferred sentence, the application to accelerate judgment and sentence, the order accelerating judgment and sentence and the judgment and sentence. Pursuant to Rule 7.2 RGDP, the judgment and sentence constitutes conclusive evidence of the commission of the crimes upon which the judgment and sentence was based and shall be the basis for discipline. The record consists of these documents, the briefs of the parties and attached exhibits. We find there is a sufficient record for our de novo review.

¶10 In a summary disciplinary proceeding there are two basic issues we address: 1) does the conviction demonstrate the lawyer's unfitness to practice law, and if so, 2) what is the appropriate discipline to be imposed. State ex rel. Oklahoma Bar Ass'n v. Cooley, 2013 OK 42, 304 P.3d 453, 454.

UNFITNESS TO PRACTICE LAW

¶11 We first review Respondent's criminal conduct to determine if it facially demonstrates his unfitness to practice law. Respondent pled guilty to domestic abuse for striking his son. While on probation he was again arrested for disturbing the peace when he allegedly struck his son. Not all convictions, by themselves, indicate an unfitness to practice law. However, Rule 8.4 of the Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S. 2011, Ch. 1, App. 3-A, provides some guidelines. Rule 8.4 (b) ORPC provides:

It is professional misconduct for a lawyer to:

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

Comment 2 to Rule 8.4 ORPC provides in pertinent part:

Although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to law practice. Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice are in that category. A pattern of repeated offenses, even ones of minor significance when considered separately, can indicate indifference to legal obligation.

Violent acts in the form of domestic abuse demonstrate a lawyer's unfitness to practice law. We most recently found, "[a]s incidents of domestic . . . abuse rise and become the focus of . . . public attention, it becomes more incumbent on this Court to protect the public by sending a message to other lawyers that this misconduct is considered a serious breach of a lawyer's ethical duty and will not be tolerated." State ex rel. Oklahoma Bar Ass'n v. Zannotti, 2014 OK 25, ¶24, 330 P.3d 11, 17. What is additionally troubling is the abuse here was part of a repeated pattern. The second incident also allegedly involved physical abuse and occurred while on probation for the first incident and after Respondent had been ordered to participate in a Batter's Intervention Program. His repeated actions indicate to this Court an indifference to his legal obligations and cast serious doubt on his fitness to practice law.

¶12 Other causes of concern are present in this case. Each criminal incident involved Respondent being intoxicated. Respondent's wife claims he had often been drunk and abusive. Respondent was ordered to undergo counseling and to complete an AIP/DVIS program. In his June 3, 2014, facsimile to the OBA he claims he received inpatient treatment for 5 months in Louisiana, participated in Alcoholics Anonymous, and wore an alcohol monitoring device. However, he admits to having 3 relapses and a fourth relapse was reported after his interim suspension and on the day following the filing of his brief. We have previously held "members of the Bar must be reminded that substance abuse of any kind is incompatible with the practice of law." State ex rel. Oklahoma Bar Ass'n v. Giger, 2001 OK 96, ¶21, 37 P.3d 856, 864.

¶13 The record reflects Respondent's abuse of alcohol contributed to his criminal behavior. To date, the steps taken by the Respondent and those ordered by the district court have not been effective. He has yet to demonstrate a sustained commitment to alcohol abuse treatment. Continued relapses while in a substance abuse program have been found by this Court to adversely impact on an attorney's ability to practice law. Oklahoma Bar Ass'n v. Soderstrom, 2013 OK 101, ¶12, 321 P.3d 159, 161.

¶14 In this matter alone, there are other examples of conduct which calls into question Respondent's ability to practice law. Three examples can be found in regards to Respondent's brief. Respondent was suspended on July 15, 2014, however, he continued to use his law firm's letterhead when sending his brief to the OBA. Rule 7.5 ORPC provides: "(a) [a] lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1." Rule 7.1 ORPC provides: "[a] lawyer shall not make a false or misleading communication about the lawyer or the lawyer's services." Although, the brief was sent to the OBA who was well aware of Respondent's suspension, using the letterhead while suspended presents an otherwise misleading communication that one is in good standing to practice law and violates Rule 7.5 ORPC.

¶15 Respondent's brief also had two file stamp dates by the Supreme Court Clerk. One was for July 9, 2014, and the other one was for August 21, 2014, the day the brief was actually filed. It appears Respondent used the cover page from the OBA's Affidavit for Proof of Service of Rule 7 Notice Letter which was file stamped on July 9, 2014. A copy of this page was attached to the front of Respondent's handwritten brief. Pursuant to this Court's July 15, 2014, order, Respondent was required to file his brief by August 18, 2014. The brief was filed 3 days out of time. At worst, leaving the July 9, 2014, file stamp date was an attempt to deceive one into believing the brief was timely filed. However, it does not appear that was the intent here because it would have been ludicrous to think a brief would have been filed prior to the actual interim suspension order. Regardless, at best, it shows a lack of attentiveness and reflects on Respondent's ability to practice law.

¶16 Finally, Respondent's brief was handwritten. As the OBA points out, Oklahoma Supreme Court Rule 1.11, 12 O.S. 2011, Ch. 15, App. 1, requires all briefs to be printed or typed.

¶17 We find Respondent's repeat criminal acts, lack of commitment to substance abuse recovery, his inattentiveness and failure to comply with this Court's order and rules demonstrates his unfitness to practice law at this time.

DISCIPLINE

¶18 The goal in disciplinary proceedings is to protect the public and preserve the integrity of the bar. State ex rel. Oklahoma Bar Ass'n v. Beasley, 2006 OK 49, ¶34, 142 P.3d 410, 417. The purpose is to gauge a lawyer's continued fitness to practice law and not to punish the offending lawyer. Imposition of an appropriate discipline is also likely to deter similar misconduct in the practicing bar. State ex rel. Oklahoma Bar Ass'n v. Zannotti, 2014 OK 25, ¶23, 330 P.3d 11, 17. Although appropriate discipline is determined on a case-by-case basis, we consider the discipline imposed in our previous decisions concerning like misconduct.

¶19 In Zannotti, we held that anything less than a 2 year suspension from the practice of law would not protect the public nor protect the integrity of the judicial system. Zannotti, 2014 OK 25 at ¶24. Zannotti pled nolo contendere to the misdemeanor crimes of domestic assault and battery and malicious injury to property. He received a two year deferred sentence. When determining discipline, this Court took into consideration the fact the trial court thought it was necessary to keep Zannotti in the criminal system for a full two years for the safety of the public. Zannotti, 2014 OK 25 at ¶24.

¶20 In State ex rel. Oklahoma Bar Ass'n v. Soderstrom, 2013 OK 101, ¶13, 321 P.3d 159, 161, we suspended Soderstrom from the practice of law for two years and a day. This was done to assure there would be a substantial period of sobriety before Soderstrom could request reinstatement. In determining this discipline we took into consideration Soderstrom's continued relapses into substance abuse. Although this Court was mindful of Soderstrom's meaningful steps to address his addictions, we determined his continued relapses adversely impacted his fitness to practice law. Soderstrom, 2013 OK 101 at ¶12.

¶21 In the present case, Respondent received a suspended sentence for one year. Unlike Zannotti, we do not find it appropriate here to use the one year suspended sentence as a guideline for discipline. Zannotti concerned one incident of domestic abuse whereas Respondent was involved in two separate incidents with the last taking place during his probationary period for the first incident. We are concerned about the pattern displayed by Respondent's conduct and believe one year is not enough time for him to demonstrate to this Court a substantial change in behavior has occurred. His many relapses into substance abuse are also a concern. The record reflects Respondent's intoxication was a factor in his criminal conduct. As in Soderstrom, Respondent should be required to demonstrate an extended period of sobriety before he may seek reinstatement to the Bar.

¶22 Respondent has presented no defense for his actions and his brief states he readily accepts any discipline. He claims to have reconciled with his son and has completed 52 weeks of DVIS classes. The attached letter written by Mr. Brett states Respondent has matured and grown from his disbarment experience and is now "professionally prepared to resume his obligations as a practitioner of the law." This letter was dated August 11, 2014, less than a month after Respondent received his interim suspension. Although, we encourage Respondent to continue his reconciliation efforts and remain sober, not enough time has passed to convince this Court he is prepared to resume the practice of law. This point is emphasized by the fact he reported having a relapse the day following the filing of his brief, August 22, 2014. As in Soderstrom, we find a suspension period of two years and one day is appropriate.

COSTS

¶23 The OBA filed an Application to Assess Costs in the prosecution of this matter pursuant to Rules 6.13 and 6.16 RGDP in the amount of $14.09. The application is granted.

CONCLUSION

¶24 Respondent Blake Rodman Givens is suspended from the practice of law for a period of two years and one day from the date of the order of interim suspension, July 15, 2014. He is ordered to pay costs in the amount of $14.09 within ninety days of the date of this opinion.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR
TWO YEARS AND ONE DAY; ORDERED TO PAY COSTS

¶25 COLBERT, C.J., REIF, V.C.J, EDMONDSON, WINCHESTER, TAYLOR, COMBS and GURICH, JJ., concur.

¶26 KAUGER and WATT, JJ., concur in part and dissent in part.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 96, 37 P.3d 856, 72 OBJ 3401, STATE ex. rel. OKLAHOMA BAR ASSOCIATION v. GIGER
Discussed
 2004 OK 41, 93 P.3d 25, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CHAPPELL
Discussed
 2005 OK 26, 114 P.3d 427, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FUNK
Discussed
 2006 OK 49, 142 P.3d 410, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BEASLEY
Discussed
 2013 OK 42, 304 P.3d 453, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Discussed
 2013 OK 101, 321 P.3d 159, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SODERSTROM
Discussed at Length
 2014 OK 25, 330 P.3d 11, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ZANNOTTI
Discussed at Length
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 22, Acts Resulting in Gross Injury - Misdemeanor
Cited
 21 O.S. 644, Punishment for Assault and Battery
Discussed