OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SULLIVAN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SULLIVAN
2016 OK 25
Case Number: SCBD-6243; Consol. w/SCBD-6244
Decided: 03/01/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 25, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 



STATE OF OKLAHOMA ex rel. Oklahoma Bar Association, Complainant,
v.
JOHN BERNARD SULLIVAN, Respondent.

BAR DISCIPLINARY PROCEEDING

¶0 The complainant, Oklahoma Bar Association, commenced disciplinary proceedings against the respondent, John Bernard Sullivan, pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings. The respondent did not respond to the Bar Association's correspondence requesting information, nor did the respondent respond to notices to him that the OBA had opened formal investigations regarding his suspensions from the practice of law by the United States Court of Appeals for the 10th Circuit for failure to comply with rules and orders of that court, and by the State of Kansas for criminal convictions in that state.

RESPONDENT DISBARRED AND ASSESSED COSTS OF THESE PROCEEDINGS.

Loraine Dillinder Farabow, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.


WINCHESTER, J.
¶1 The complainant, Oklahoma Bar Association, brought Rule 7[1] summary disciplinary proceedings against the respondent, John Bernard Sullivan. The respondent practiced criminal defense law primarily in Kansas. The Bar Association opened an investigation culminating in filing the SCBD No. 6243 proceeding pursuant to information that the respondent had been temporarily suspended from the practice of law by the 10th Circuit Court of Appeals for neglect in handling a client's appeal[2] and his failure to comply with court rules. The Bar Association also opened an investigation culminating in the filing of SCBD No. 6244 pursuant to information that the respondent had pled guilty in two different cases to drug charges in Kansas, served time in jail and had multiple arrests while on probation.
¶2 This Court on March 30, 2015, ordered the temporary interim suspension of the respondent as a result of his criminal convictions. On June 15, 2015, this Court ordered the suspension of the respondent from membership in the Bar Association and prohibited his practice of law in this state for failure to comply with the Mandatory Continuing Legal Education Rules for the year 2014.
The Bar Association has recommended that the respondent be disbarred and asks for the costs of the proceedings in the amounts of $64.06 in SCBD No. 6243, and $7.40 in SCBD No. 6244.
I. FACTS AND PROCEDURE
(A) Suspension from the practice of law by the 10th Circuit Court of Appeals
¶3 On December 5, 2012, the 10th Circuit Court of Appeals removed the respondent as counsel for a defendant in a criminal case when he failed to perfect his client's appeal in a timely manner and failed to follow the rules of the court. The next day, that court issued an order seeking a response as to why further disciplinary action should not be taken against him. The response to the show cause order was due December 26, 2012. Having received no response, the 10th Circuit suspended the respondent from practice indefinitely on January 24, 2013, and ordered the suspension be for no less than six months. Although the respondent faxed a response document to that court on the same day, the Chief Deputy Clerk advised him in a January 24, 2013, letter that his response was deficient because the court does not accept FAX filings, and his response was not timely.
¶4 On February 1, 2013, the respondent filed a document explaining to the court his failure to pursue the appeal. The respondent stated that his client told him to file a notice of appeal but cease any other work on his case. He explained the difficulties he had with that client and as soon as he believed his duties were complete he "hit the door running and did not look back." He added that he had missed the court's email notices and then speculated as to how he may have missed them. In mitigation, he offered that he had tried fourteen jury trials in 2012, including three murder cases and his first federal trial. He also left his law firm and started a solo practice. In addition, he reported he had suffered from some mental health issues. These issues were diagnosed as bipolar disorder and attention deficit hyperactive disorder, which he did not take seriously, mostly ignored and that he had quit taking his medications. He added that the same week as his filed response, he had been to a psychologist and his doctor, and had all of his prescriptions filled. The 10th Circuit Court Clerk responded by letter dated February 4, 2013, that his filing was only a modified version of his earlier fax, was untimely, and would not be submitted to the disciplinary panel. The Clerk reminded him he was suspended and that no other action would be taken on his response.
¶5 On July 29, 2013, the respondent filed a Petition for Reinstatement. He advised the court that he had read the rules of the court and pledged to abide by them. He added that his failure to perfect his client's appeal had resulted from his belief that he was no longer counsel for the client. His failure to respond to the court's show cause order was from fear and the result of his overall life at the time. He included the information he previously reported to the court in his February response and information regarding the demise of a five-year relationship with his significant other. He also included that he had received injuries from a single car accident that hospitalized him and caused him to be out of his office for two months. He reported he was currently under psychological counseling and had been since April of 2013. He concluded that he had taken great pains to ensure that neither his personal nor professional life would become as hectic as it was at the end of 2012 and the beginning of 2013.
¶6 On August 13, 2013, the 10th Circuit denied the respondent's petition for reinstatement without prejudice to renewal. The court allowed him to file a renewed petition for reinstatement without regard to the court's one-year limitation rule on successive petitions for reinstatement. On August 21, 2013, the 10th Circuit denied his renewed petition without prejudice to renewal, but permitted the respondent to file a second renewed petition for reinstatement in 45 days. The court asked for specific assurances that the respondent understood the court's procedural requirements for counsel to criminal defendants who appeal to that court. General assertions about reading and abiding by the rules would not suffice.
(B) Suspension from the practice of law by the State of Kansas 
¶7 In the early afternoon on December 11, 2013, Clark County Kansas deputies arrested the respondent for speeding, driving under suspension, failure to carry liability insurance, possession of marijuana, and possession of methamphetamine. The respondent reported to the deputy who stopped him that he had a hearing with a client in Guymon, Oklahoma. We presume that means Guymon was his destination before his arrest. The next day, the State of Kansas brought criminal charges consisting of six counts pursuant to that arrest.
¶8 Less than three weeks later, just two hours after the New Year, 2014, began, an Enforcement Agent for the Kansas Racing and Gaming Commission arrested the respondent at the Kansas Star Casino in Mulvane, Kansas, on a charge of methamphetamine possession. The Kansas Star Casino security supervisor notified Agents for the Commission that one of the casino's security officers witnessed the respondent drop a clear plastic baggy containing a crystal--like substance onto the floor near the area entrance. After locating the respondent and detaining him, the respondent finally consented to a search. The agent found the baggy in the respondent's coat pocket. On January 15, 2014, the State of Kansas brought two counts against the respondent consistent with the discovery at the casino that the respondent was in possession of methamphetamine and drug paraphernalia.
¶9 The next month, February 10, 2014, the respondent and the Kansas Disciplinary Administrator filed a joint motion for temporary suspension of his Kansas bar license. The Supreme Court of Kansas granted the joint motion and ordered the respondent's immediate suspension during the pendency of his disciplinary proceedings. That court ordered him to comply with Kansas Supreme Court Rule 218,[3] which required written notice within fourteen days of his suspension to clients and other jurisdictions in which he held licenses to practice law. Although the respondent notified the 10th Circuit, he did not notify the Oklahoma Bar Association.
¶10 The respondent entered a guilty plea pursuant to a plea agreement on March 20, 2014, for Possession of Drug Paraphernalia in Sumner County District Court Case No. 14 CR 11, and fined $250.00 plus court costs, and sentenced to six months in the county jail. In lieu of his jail time, the court placed him on probation for one year, with the special condition that he successfully complete a drug treatment program. The court dismissed the charge of Possession of Methamphetamine.
¶11 In an amended Order of Probation, filed April 10, 2014, Sumner County District Court Case No. 14 CR 11, the court ordered the respondent to obey all federal and state laws, and all city and county ordinances. The court further ordered that if law enforcement officers questioned, detained or arrested him, he must notify his Court Service Officer within the next business day. The court specifically ordered him not to illegally possess, use or traffic in any controlled substance, narcotic or other drugs except as prescribed by a licensed practitioner. Within six days, April 16, 2014, Wichita, Kansas, police officers arrested the respondent at 10:41 p.m. for Possession of Methamphetamine, Possession of Drug Paraphernalia, Driving While Suspended, Failure to Signal, and Running a Stop Sign.
¶12 On July 30, 2014, the respondent pled guilty to an Amended Complaint. Pursuant to this plea agreement filed, in the Clark County District Court, Case No. 13-CR-40, the court found the respondent guilty of "Count I": Possession of a Controlled Substance, and "Count II": Possession of Drug Paraphernalia. The court sentenced him to 365 days in the county jail on the two counts, with all time suspended, and placed him on supervised probation for one year under Sumner County supervision, with standard conditions of probation including obeying all federal, state, and local laws, and attending AA/NA. The order of probation was filed August 28, 2014, adding the condition that the respondent must notify his Court Service Officer immediately of any law enforcement contact.
¶13 One month later, on September 30, 2014, the respondent was arrested in Sedgwick County for Trafficking Contraband in a Penal Institution. The arrest constituted a violation of the terms and conditions of his supervised probation in both the Clark County District Court Case No. 13-CR-40 and the Sumner County District Court Case No. 14 CR 11.
¶14 The respondent did not report his September 30, 2014, arrest for Trafficking Contraband in a Penal Institution within the next business day and as a result, on October 3, 2014 at 3:45 p.m., when he reported to his Court Service Officer in Sumner County, Kansas, the officer reported in an Order to Arrest and Detain that the respondent had violated his conditions of probation. The respondent's defense attorney in Case No. 14 CR 11 sent a letter dated October 29, 2014, to the Sumner County Attorney regarding the respondent's future plans, which were to return to practice law in Oklahoma if he was reinstated. On November 13, 2014, at his hearing to revoke his probation, the court remanded the respondent to the custody of the Sheriff of Sumner County to serve the remainder of his sentence in Case No. 14 CR 11. The court reinstated his probation for a period of one year from the date of the hearing, under the same terms and conditions as before.
¶15 In a letter dated, April 10, 2015, the respondent's Kansas attorney informed the First Assistant General Counsel of the Oklahoma Bar Association, Loraine Dillinder Farabow, that the respondent was not actively practicing law in Kansas or Oklahoma, and that he had entered into a voluntary agreed order of temporary suspension on February 10th, 2014, in the State of Kansas. The respondent's attorney attached the Kansas order.
II. DISCIPLINE
¶16 This Court on March 30, 2015, ordered the temporary interim suspension of the respondent as a result of his criminal convictions. On June 15, 2015, this Court ordered the suspension of the respondent from membership in the Oklahoma Bar Association and prohibited his practice of law in this state for failure to comply with the Mandatory Continuing Legal Education Rules for the year 2014.
¶17 The respondent did not notify the Office of the General Counsel of his suspension by the 10th Circuit. Rule 7.7(a) of the Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A provides that "It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline."[4] Subsection (b) of that rule provides in pertinent part that:

"When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline." [5]
¶18 The Oklahoma Bar Association argues that the failure of the respondent to answer supports the assertion that he violated his professional duties under Rules 1.1,[6] 1.3,[7] and 8.4(d)[8] of the Oklahoma Rules of Professional Conduct, and Rule 1.3[9] of the Rules Governing Disciplinary Proceedings. The Bar Association asserts that the respondent's neglect in handling his client's appeal, his failure to notify the OBA of his suspension by the 10th Circuit court, his failure to respond to and cooperate with the OBA's investigation, and his failure to respond to this Court's Show Cause Order in SCBD No. 6243, warrants discipline. We agree and find that the respondent violated his professional duties pursuant to the rules cited.
 
¶19 Regarding the respondent's criminal convictions, Rule 7.1 of the Rules Governing Disciplinary Proceedings provides:


"A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal."
5 O.S. 2011, ch. 1, app. 1-A.
¶20 The Bar Association investigated these grievances without receiving any responses from the respondent. These investigations began on February 6, 2015, when the Oklahoma Bar Association Membership Department notified the OBA's Office of the General Counsel that the respondent had written an insufficient check for his bar dues. Membership advised the General Counsel that it had attempted to contact the respondent at his official roster telephone number. The answering party related that the respondent had lost his license in Kansas because of his drug charges. The Office of the General Counsel found a newspaper article on the Internet reporting the respondent's suspension from the practice of law in Kansas due to his felony arrest for possession of methamphetamine and misdemeanor possession of drug paraphernalia.
¶21 In a letter dated April 10, 2015, received by the Oklahoma Bar Association on April 17, 2015, the respondent's counsel for his criminal cases in Kansas related that the respondent had not actively practiced law in Kansas or Oklahoma, pursuant to a voluntary order of temporary suspension to which he had agreed on February 10, 2014. The letter revealed that the respondent had active cases in Kansas and Oklahoma in which he served as the lawyer, and his counsel wrote "we had contacted one of the co-chairs for the Lawyers Helping Lawyers Assistance Program . . . to apprise them of this situation and they were able to get his cases covered in Oklahoma, and this back in January, 2014." The letter continued that they believed proper notice had been given at that time to the State of Oklahoma.
¶22 Contacting Lawyers Helping Lawyers does not comprise proper notice. Pursuant to Rule 7.7(a) of the Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A, proper notice requires that the respondent notify the General Counsel of the Oklahoma Bar Association.
¶23 The regulation of licensure, ethics, and discipline of legal practitioners is a non-delegable, constitutional responsibility solely vested in this Court in the exercise of our exclusive jurisdiction. State ex rel. Oklahoma Bar Ass'n v. McArthur, 2013 OK 73, ¶ 4, 318 P.3d 1095, 1097. In these matters this Court has exclusive original jurisdiction. Rule 1.1, RGDP; State ex rel. Oklahoma Bar Ass'n v. Garrett, 2005 OK 91, ¶ 3, 127 P.3d 600, 602. Before this Court can impose discipline on an attorney, the charges must be proved by clear and convincing evidence, which is "proof which results in reasonable certainty of truth." Rule 6.12, RGDP; State ex rel. Oklahoma Bar Ass'n v. Miller, 2013 OK 49, ¶ 10, 309 P.3d 108, 114; Black's Law Dictionary 251 (6th ed. 1990) (defining "clear and convincing evidence"). We review such matters de novo. State ex rel. Oklahoma Bar Ass'n v. Farrant, 1994 OK 13, ¶ 7, 867 P.2d 1279, 1283-84.
¶24 Because the respondent did not respond to inquiries from the Oklahoma Bar Association, the Bar Association filed a brief that included exhibits to support its recommendation that the respondent be disbarred. We find by clear and convincing evidence that those exhibits are sufficient to support the OBA's recommendation. In State ex rel. Oklahoma Bar Ass'n v. Whitebook, 2010 OK 72, ¶ 26, 242 P.3d 517, 523, this Court observed that when a lawyer places so little value on his license to practice law and shows no desire to protect that license, if he ever wishes to regain his license, he should be forced to appear before this Court pursuant to Rule 11 of the Rules Governing Disciplinary proceedings to show why he should be again licensed to practice law.
¶25 In State ex rel. Oklahoma Bar Ass'n v. Soderstrom, 2013 OK 101, 321 P.3d 159, the respondent, Soderstrom, pled guilty to the felony charge of unlawful possession of a controlled dangerous substance, and the court sentenced him to eight years with the Department of Corrections, but delayed commitment pending successful completion of the drug court program. After this Court issued an Order of Interim Suspension, Soderstrom filed a brief in this Court in support of mitigation of discipline and we assigned the matter to the Professional Responsibility Tribunal for a hearing. He later tested positive for methamphetamine after being accepted into the Lincoln County Drug Court. He appeared later at Drug Court under the influence of Percocet without a prescription. The Professional Responsibility Tribunal recommended that he be suspended from the practice of law for two years and one day, to safeguard the interest of the public and to preserve the public confidence in the legal professional and the entire judicial system. Soderstrom, 2013 OK 101, ¶ 8, 321 P.3d at 160. This Court followed the recommendation of the tribunal.
¶26 In State ex rel. Oklahoma Bar Ass'n v. McArthur, 2013 OK 73, 318 P.3d 1095, the facts reveal that the respondent, McArthur, was originally charged with felony trafficking in illegal drugs, felony possession of a firearm during the commission of a felony, and unlawful use of a communication device to facilitate a felony. Pursuant to a negotiated plea, McArthur was convicted of a felony, that is, unlawful possession of a controlled substance, cocaine, and sentenced to ten years in prison, two in a Department of Corrections facility and the balance suspended. The suspended sentence included twenty-four months of District Attorney supervision. McArthur had purchased the cocaine from a client he was representing in a criminal case. He was convicted in the county where he practiced law. The Court ruled that offenses involving violence, dishonesty, breach of trust or serious interference with the administration of justice facially demonstrates the lawyer's unfitness to practice law for the purpose of a Rule 7 summary disciplinary proceeding. McArthur, 2013 OK 73, ¶ 5, 318 P.3d at 1098. The Court disbarred McArthur.
¶27 The respondent, Sullivan, has been suspended from the practice of law before the 10th Circuit and the Kansas Bar. He failed to notify this Court of his suspensions and did not obey the order of the Supreme Court of Kansas to notify other jurisdictions in which he was licensed of his suspension. He has had two convictions and subsequent arrests on drug charges. He was the sole attorney in the drug court in one Kansas County. Because he wrote a check for his Oklahoma Bar dues that was returned for insufficient funds, the Oklahoma Bar Association tried to find him and did not learn of his suspensions by the 10th Circuit and the Kansas Bar through the respondent, but through Kansas authorities. He did not respond to the Oklahoma Bar Association's inquiries, nor did he file any briefs to mitigate damages.
¶28 We agree with the recommendation of the Oklahoma Bar Association that the respondent, John Bernard Sullivan be disbarred. Accordingly, Sullivan is disbarred and his name is stricken from the roll of attorneys, effective on the date this case is handed down. He is also assessed the costs of the proceedings in the amounts of $64.06 in SCBD No. 6243, and $7.40 in SCBD No. 6244.
¶29 On April 14, 2015, the OBA filed a motion to join SCBD No. 6243 and SCBD No. 6244. By order of May 12, 2015, that motion was deferred. We grant the motion. These two cases are consolidated under surviving SCBD No. 6243.
RESPONDENT DISBARRED AND ASSESSED COSTS OF THESE PROCEEDINGS.

ALL JUSTICES CONCUR.

FOOTNOTES

[1] Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.

[2] In the respondent's letter of January 24, 2013, he reported to the 10th Circuit that his client, whose appeal the respondent started, had accepted a plea agreement to one count of illegal use of a communication facility in facilitation of conspiracy to distribute cocaine, which carried a maximum sentence of four years in prison.

[3] Kansas Supreme Court Rule 218(a)(5) provides:
"(a) Attorney's Duty. When the Supreme Court issues an order or opinion suspending or disbarring an attorney or striking the attorney's name from the roll of attorneys, the attorney must, within 14 days of the order or opinion . . .
"(5) notify each jurisdiction, in writing, where the attorney is or has been authorized to practice law that the attorney is suspended, disbarred, or is no longer authorized to practice law."

[4] The Rule was amended by order of the Supreme Court, 2014 OK 82, eff. September 30, 2014. The wording in subsection "a" was not affected by the amendment.

[5] 5 OS. 2011, ch. 1, app. 1-A, Rule 7.7(b). The Rule was amended by order of the Supreme Court, 2014 OK 82, eff. September 30, 2014.

[6] Rule 1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch.1, App. 3-A.

[7] Rule 1.3 provides: "A lawyer shall act with reasonable diligence and promptness in representing a client." Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch. 1, App. 3-A.

[8] Rule 8.4(d) provides: "It is professional misconduct for a lawyer to . . . (d) engage in conduct that is prejudicial to the administration of justice. . . ." Oklahoma Rules of Professional Conduct, 5 O.S.2011, ch. 1, App. 3-A.

[9] Rule 1.3 "The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline." Rules Governing Disciplinary Proceedings, 5 O.S.2011, ch. 1, app. 1-A.
 




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1994 OK 13, 867 P.2d 1279, 65 OBJ 459, State ex rel. Oklahoma Bar Assn. v. Farrant
Discussed
 2005 OK 91, 127 P.3d 600, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GARRETT
Discussed
 2010 OK 72, 242 P.3d 517, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WHITEBOOK
Discussed
 2013 OK 49, 309 P.3d 108, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MILLER
Discussed
 2013 OK 73, 318 P.3d 1095, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. McARTHUR
Discussed at Length
 2013 OK 101, 321 P.3d 159, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SODERSTROM
Discussed at Length
 2014 OK 82, IN RE: AMENDMENTS TO RULES 7.2 AND 7.7(b)
Discussed