STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BOUNDS



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BOUNDS

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BOUNDS
2018 OK 19
Case Number: SCBD-6597
Decided: 03/06/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 19, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JOHN KNOX BOUNDS, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE
PURSUANT TO RULES 7.1 AND 7.2 RULES
GOVERNING DISCIPLINARY PROCEEDINGS

¶0 The Oklahoma Bar Association initiated this disciplinary proceeding against Respondent for misconduct arising out of his convictions for one felony and one misdemeanor. Respondent did not request a hearing before the Professional Responsibility Tribunal. The Bar recommended suspension for two years and one day. After de novo review, this Court finds that Respondent is guilty of misconduct and the appropriate discipline is suspension for two years and one day.

RESPONDENT SUSPENDED FROM THE PRACTICE OF
LAW FOR TWO YEARS AND ONE DAY.

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant,

Hack Welch, Hugo, Oklahoma, for Respondent.

OPINION

EDMONDSON, J.

¶1 This case is a summary disciplinary proceeding against Respondent, John Knox Bounds, pursuant to Rule 7.1, 5 O.S. 2011, Ch. 1, App. 1-A. Respondent was convicted in Choctaw County of felony unlawful possession of a controlled substance, methamphetamine, and a misdemeanor of unlawful possession of drug paraphernalia. On November 21, 2017, Respondent received a two-year deferred sentence with probation on the felony conviction; and he was sentenced to imprisonment for 30 days on the misdemeanor conviction.

¶2 On December 11, 2017, we issued an Order of Interim Suspension directing Respondent to file a response no later than December 22, 2017 to show cause, if any, why this interim suspension should be set aside. Respondent did not file a timely response and he did not request a hearing. He thus waived his right to contest the interim suspension. There was no hearing before the Professional Responsibility Tribunal.

¶3 The Bar Association requested this Court to impose an order suspending Respondent for a period of two years and one day. Respondent sought leave to file a response out of time. He apologized to this Court for his untimely failure to respond and advised this Court that after his release from jail in early December, 2017, he was acutely ill for six weeks. Respondent agreed to a suspension that would continue until after the expiration of his deferred criminal sentence in November, 2019.

¶4 The regulation of licensure, ethics, and discipline of attorneys is a nondelegable constitutional responsibility solely vested in this Court. State ex rel. Oklahoma Bar Ass'n v. Passmore, 2011 OK 90, 264 P.3d 1238, State ex rel. Oklahoma Bar Ass'n. v. Whitebook, 2010 OK 72, 242 P.3d 517. Protection of the public and purification of the Bar are the primary purposes of disciplinary proceedings rather than to punish the accused lawyer. State ex rel. Oklahoma Bar Ass'n v. Givens, 2014 OK 103, 343 P.3d 214. This Court will conduct a de novo review of the record to determine if misconduct has occurred and what discipline is appropriate. State ex rel. Oklahoma Bar Ass'n v. Garrett, 2005 OK 91, 127 P.3d 600.

¶5 To impose appropriate discipline, the record must be sufficient for this Court to conduct a thorough inquiry into essential facts. Oklahoma Bar Ass'n. v. Donnelly, 1992 OK 164, 848 P.2d 543. The record in this case includes the conviction of Respondent for the possession of methamphetamine with deferred sentencing and the misdemeanor conviction with a 30 day jail term. Respondent asserts in his response that he is in compliance with all terms of his probation and has fulfilled the terms of his 30 day jail sentence. Respondent states that he has followed all guidelines for assessment, treatment and follow-up for drug and alcohol abuse. He provided this Court with letters from three different attorneys attesting to his character and long years of service to the bar as a prosecutor and defense attorney, as well as his involvement in his community. Respondent became a licensed Oklahoma attorney in 1975 and has practiced without any prior incidents.

¶6 Respondent does not dispute the Bar Association's recommendation for a suspension period of two years and one day. Although Respondent has not had any prior incidents before this Court, we find his criminal convictions for possession of methamphetamine and possession of drug paraphernalia of considerable concern. We adopt the recommendation of the Bar Association for a suspension of a period of two years and one day from the date this opinion becomes final. State ex rel. Oklahoma Bar Ass'n. v. Soderstrom, 2013 OK 101, ¶ 8, 321 P.3d 159, 160.

¶7 In the event Respondent seeks reinstatement, it will be conditioned upon his continued sobriety, as it is essential to his rehabilitation[1] and to the successful completion of his probation.

RESPONDENT SUSPENDED FROM THE PRACTICE 
OF LAW FOR TWO YEARS AND ONE DAY.

COMBS, C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT, and WYRICK, JJ., concur;

GURICH, V.C.J., dissents;

Gurich, V.C.J., dissenting
"I would suspend the Respondent for two years from the date of his interim suspension."

REIF, J., not participating.

FOOTNOTES

[1] State ex rel. Oklahoma Bar Ass'n v. Briery, 1996 OK 45, ¶ 14, 914 P.2d 1046, 1050; see also State ex rel. Oklahoma Bar Ass'n v. Rogers, 2006 OK 54, ¶ 21, 142 P.3d 428, 436.

 






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1992 OK 164, 848 P.2d 543, State, ex rel. Oklahoma Bar Ass'n v. Donnelly
Discussed
 2005 OK 91, 127 P.3d 600, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GARRETT
Discussed
 1996 OK 45, 914 P.2d 1046, 68 OBJ 921, State ex rel. Oklahoma Bar Assn. v. Briery
Discussed
 2006 OK 54, 142 P.3d 428, STATE ex rel.OKLAHOMA BAR ASSOCIATION v. ROGERS
Discussed
 2010 OK 72, 242 P.3d 517, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WHITEBOOK
Discussed
 2011 OK 90, 264 P.3d 1238, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PASSMORE
Discussed
 2013 OK 101, 321 P.3d 159, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SODERSTROM
Discussed
 2014 OK 103, 343 P.3d 214, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIVENS
Discussed


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA