EDMONDSON, J.
¶1 This case is a summary disciplinary proceeding against Respondent, John Knox Bounds, pursuant to Rule 7.1, 5 O.S. 2011, Ch. 1, App. 1-A. Respondent was convicted in Choctaw County of felony unlawful possession of a controlled substance, methamphetamine, and a misdemeanor of unlawful possession of drug paraphernalia. On November 21, 2017, Respondent received a two-year deferred sentence with probation on the felony conviction; and he was sentenced to imprisonment for 30 days on the misdemeanor conviction.
*520 ¶2 On December 11, 2017, we issued an Order of Interim Suspension directing Respondent to file a response no later than December 22, 2017 to show cause, if any, why this interim suspension should be set aside. Respondent did not file a timely response and he did not request a hearing. He thus waived his right to contest the interim suspension. There was no hearing before the Professional Responsibility Tribunal.
¶3 The Bar Association requested this Court to impose an order suspending Respondent for a period of two years and one day. Respondent sought leave to file a response out of time. He apologized to this Court for his untimely failure to respond and advised this Court that after his release from jail in early December, 2017, he was acutely ill for six weeks. Respondent agreed to a suspension that would continue until after the expiration of his deferred criminal sentence in November, 2019.
¶4 The regulation of licensure, ethics, and discipline of attorneys is a nondelegable constitutional responsibility solely vested in this Court. State ex rel. Oklahoma Bar Ass'n v. Passmore , 2011 OK 90, 264 P.3d 1238, State ex rel. Oklahoma Bar Ass'n. v. Whitebook , 2010 OK 72, 242 P.3d 517. Protection of the public and purification of the Bar are the primary purposes of disciplinary proceedings rather than to punish the accused lawyer. State ex rel. Oklahoma Bar Ass'n v. Givens , 2014 OK 103, 343 P.3d 214. This Court will conduct a de novo review of the record to determine if misconduct has occurred and what discipline is appropriate. State ex rel. Oklahoma Bar Ass'n v. Garrett , 2005 OK 91, 127 P.3d 600.
¶5 To impose appropriate discipline, the record must be sufficient for this Court to conduct a thorough inquiry into essential facts. Oklahoma Bar Ass'n. v. Donnelly , 1992 OK 164, 848 P.2d 543. The record in this case includes the conviction of Respondent for the possession of methamphetamine with deferred sentencing and the misdemeanor conviction with a 30 day jail term. Respondent asserts in his response that he is in compliance with all terms of his probation and has fulfilled the terms of his 30 day jail sentence. Respondent states that he has followed all guidelines for assessment, treatment and follow-up for drug and alcohol abuse. He provided this Court with letters from three different attorneys attesting to his character and long years of service to the bar as a prosecutor and defense attorney, as well as his involvement in his community. Respondent became a licensed Oklahoma attorney in 1975 and has practiced without any prior incidents.
¶6 Respondent does not dispute the Bar Association's recommendation for a suspension period of two years and one day. Although Respondent has not had any prior incidents before this Court, we find his criminal convictions for possession of methamphetamine and possession of drug paraphernalia of considerable concern. We adopt the recommendation of the Bar Association for a suspension of a period of two years and one day from the date this opinion becomes final. State ex rel. Oklahoma Bar Ass'n. v. Soderstrom , 2013 OK 101, ¶ 8, 321 P.3d 159, 160.
¶7 In the event Respondent seeks reinstatement, it will be conditioned upon his continued sobriety, as it is essential to his rehabilitation[1] and to the successful completion of his probation.
RESPONDENT SUSPENDED FROM THE PRACTICE OF LAW FOR TWO YEARS AND ONE DAY.
COMBS, C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT, and WYRICK, JJ., concur;
GURICH, V.C.J., dissents;
REIF, J., not participating.

State ex rel. Oklahoma Bar Ass'n v. Briery , 1996 OK 45, ¶ 14, 914 P.2d 1046, 1050; see also State ex rel. Oklahoma Bar Ass'n v. Rogers , 2006 OK 54, ¶ 21, 142 P.3d 428, 436.