2013 OK 73

**STATE of Oklahoma ex rel., OKLAHOMA BAR ASSOCIATION,**
Complainant,

v.

**Gale Eugene McARTHUR,
II, Respondent.**

**No. SCBD–5960.**

Supreme Court of Oklahoma.

Sept. 24, 2013.

Tommy Humphries, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Gale Eugene McArthur, II, Ponca City, Oklahoma, pro se.

C. Scott Loftis, Ponca City, Oklahoma, for respondent.

COMBS, J.:

¶1 The instant case is a disciplinary proceeding against Respondent, Gale Eugene McArthur, II, pursuant to Rule 7; (Summary Disciplinary Proceedings before the Supreme Court) 5 O.S.2011, Ch. 1, App. 1–A. Respondent was convicted in Kay County of felony unlawful possession of a controlled substance, cocaine.[1] He was sentenced to ten years, two in a Department of Corrections facility and the balance suspended. A provision of his suspended sentence included 24 months of District Attorney Supervision.

McArthur purchased the cocaine from a client he was currently representing in a criminal case in Kay County. Respondent was originally charged with the following felonies: trafficking in illegal drugs, 63 O.S. 2–415; possession of a firearm during commission of a felony 21 O.S. 1287;[2] and unlawful use of a communication device to facilitate a felony 13 O.S. 176.3(8).[3] The final result in the criminal proceeding was a negotiated plea to a single count of unlawful possession of a controlled dangerous substance, cocaine 63 O.S. 2–402(B)(1), thus avoiding the much greater penalties for his original charges. The Trial Panel recommended a two year and one day suspension from the practice of law. At the hearing before the Professional Responsibility Tribunal McArthur, appearing pro se, offered no character witnesses and provided no evidence of his fitness to practice law. McArthur, in pleadings filed with this court, acquiesces in the Complainant's recommendation of suspension for two years and a day from the practice of law.

## MITIGATION AND ENHANCEMENT

¶2 McArthur submits several factors to mitigate the discipline which should be imposed: (1) acceptance of responsibility and acknowledgment of the consequences of his actions; (2) cooperation with the government in its case; (3) no intent to benefit from the drug transaction; (4) his standing in the community; (5) he has been punished enough; and (6) he is no longer using any drugs. McArthur testified his use of cocaine was due to the large caseload he was carrying with the Oklahoma Indigent Defense System and the stress created by the caseload. He testified his use of cocaine allowed him to stay awake longer in order to maintain his caseload. At the hearing before the Professional Responsibility Tribunal Respondent, appearing pro se, offered no character witnesses and provided no evidence of his fitness to practice law.

¶3 This Court does not agree that all the factors proposed by McArthur are mitigating. McArthur's cooperation in the government's case was compelled by the plea agreement. While McArthur contends he did not intend to personally gain from his wrongful acts, the evidence reveals he was accepting the cocaine as a reduction of his fee for services rendered in his representation of his client. For a member of the bar to knowingly participate in a criminal enterprise with a client while representing the client in ongoing criminal matters offsets many of the Respondent's claims of mitigation. The effect of such intentional acts on the legal profession as a whole cannot be overly minimized. His clients in the present matter actively assisted the authorities in the development of the criminal case against the Respondent.

¶4 In Oklahoma, the regulation of licensure, ethics, and discipline of legal practitioners is a non-delegable, constitutional responsibility solely vested in this Court in the exercise of our exclusive Jurisdiction. *State ex rel. Oklahoma Bar Assoc. v. Albert,* 2007 OK 31, 163 P.3d 527. This Court will conduct a de novo review of the record to determine if misconduct has occurred and what discipline is appropriate. *State ex rel. Oklahoma Bar Assoc. v. Garrett,* 2005 OK 91, 127 P.3d 600.

---

1. Kay County Case Number DF–2011–7.

2. This count was dismissed by the magistrate at the close of the preliminary hearing.

3. There were four Information dockets, the Original, First Amended, Second Amended and Third Amended.

¶ 5 Every criminal conviction does not facially demonstrate the lawyer's unfitness to practice law. However, in *State ex rel. Oklahoma Bar Assoc. v. Armstrong*, 1990 OK 9, ¶ 8, 791 P.2d 815, 818, this Court recognized a lawyer's conviction of some crimes, will, by itself, demonstrate such lawyer's unfitness to practice law. *Armstrong* teaches, although a lawyer is personally answerable to the entire criminal law, a lawyer should be professionally answerable only for offenses that indicate lack of those characteristics relevant to the practice of law. Offenses involving violence, dishonesty, breach of trust or serious interference with the administration of justice facially demonstrate a lawyer's unfitness to practice law for the purposes of a Rule 7 summary disciplinary proceeding.

¶ 6 A license to practice law is conferred for the public's benefit. *State ex rel. Okla. Bar Ass'n v. Stewart*, 2003 OK 13, ¶ 19, 71 P.3d 1, 4. The goal of lawyer discipline is to safeguard the public's interest; to preserve the public confidence in the judiciary and the legal profession; to promote the integrity of the judicial system and process; and to deter similar misconduct. *State ex rel. Okla. Bar Ass'n v. Benefield*, 2005 OK 75, ¶ 21, 125 P.3d 1191, 1195. This Court represents that every person who holds a license to practice law is worthy of the public's confidence in carrying out professional duties. *State ex rel. Okla. Bar. Ass'n v. Raskin*, 1982 OK 39, ¶ 16, 642 P.2d 262, 267. In imposing appropriate discipline, the record must be sufficient for this Court to conduct a thorough inquiry into essential facts. *State ex rel. Oklahoma Bar Assoc. v. Donnelly*, 1992 OK 164, 848 P.2d 543. The record before us includes Respondent's negotiated plea of guilty to the crime of unlawful possession of a controlled dangerous substance, cocaine. It also includes the Judgment and Sentence which included jail time with the Department of Corrections, as well as probation until 2022.[4] We find this record to be adequate for our independent, nondeferential examination. *State ex rel. Oklahoma Bar Assoc. v. Burns*, 2006 OK 75, 145 P.3d 1088.

¶ 7 After reviewing the record before us, we find that Respondent's criminal conviction constitutes clear and convincing evidence of Respondent's unfitness to practice law. See Rule 7.1.[5] McArthur purchased the cocaine from a client. He was originally charged with trafficking while acting in concert with clients he was representing in a pending criminal proceeding. McArthur was convicted in Kay County, where he actively practiced law and represented individuals facing criminal prosecution. His sentence included incarceration in a Department of Corrections facility and lengthy probation both supervised and unsupervised. The final result was a negotiated plea avoiding the much greater penalties of trafficking and his other offenses. McArthur argues: (1) he accepted responsibility and acknowledgment of the consequences of his actions; (2) he cooperated with the government in its case; (3) there was no intent to benefit from the drug transaction; (4) his standing in the community; (5) he has been punished enough; and (6) he is no longer using any kind of drugs.

This Court does not agree that these factors proposed by McArthur are compelling or mitigate the seriousness of his actions and the effect his actions have on the profession. See, *State ex rel. Oklahoma Bar Assoc. v. Golden*, 2008 OK 39, 201 P.3d 862; *State ex rel. Oklahoma Bar Assoc. v. Wilburn*, 2010 OK 25, 236 P.3d 79; *State ex rel. Oklahoma Bar Assoc. v. Tully*, 2000 OK 93, 20 P.3d 813; *State ex rel. Oklahoma Bar Assoc. v. Wright*, 1990 OK 45, 792 P.2d 1171. McArthur's cooperation in the government's case was compelled by the plea agreement. While McArthur contends that he did not intend to

---

4. Respondent was remanded into the custody of the Department of Corrections to serve the initial two years and was released from custody after serving 126 days.

5. § 7.1. Criminal Conviction of Lawyer. A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.

personally gain from his wrongful acts, he used his position of trust as an attorney to further the criminal enterprise.

¶ 8 McArthur's actions violated the rules governing a lawyer's conduct, were intentional, were an abuse of trust of the attorney client relationship, brought great disrepute to the legal profession and present a serious interference with the administration of justice. We have previously stated substance abuse is incompatible with the practice of law. *State ex rel. Oklahoma Bar Assoc. v. Giger*, 2001 OK 96, ¶ 21, 37 P.3d 856, 864. Attorney discipline serves to preserve confidence in the bar and to deter the attorney involved and other attorneys from similar future conduct. *State ex rel. Oklahoma Bar Assoc. v. Pacenza*, 2006 OK 23, ¶ 18, 136 P.3d 616, 625. This Court finds disbarment from the practice of law is the single discipline which will accommodate the goals of lawyer discipline in this proceeding. Gale Eugene McArthur, II is disbarred and his name is stricken from the roll of attorneys. The disbarment is to be effective from January 14, 2013, the date of this Court's order of immediate interim suspension.

### THE IMPOSITION OF COSTS

¶ 9 "The appropriateness of assessing costs hinges on whether the professional misconduct charges have been proven by clear and convincing evidence and whether the costs are related to a violation of a rule of professional conduct or disciplinary rule." *State ex rel. Okla. Bar Assoc. v. Albert*, 2007 OK 31, ¶ 27 n. 33, 163 P.3d 527, 538. In this matter the Oklahoma Bar Association has clearly established the misconduct charges against the Respondent. See, 5 O.S. 2011, Ch. 1 App.1–A RGDP Section 6.16. The Bar seeks reimbursement of costs in the amount of $977.28 against McArthur. We find these costs are related to the violation of the rules of professional conduct and shall be paid not later than ninety days from the date this opinion becomes final.

**RESPONDENT DISBARRED FROM THE PRACTICE OF LAW AND HIS NAME STRICKEN FROM ROLL OF ATTORNEYS EFFECTIVE JANUARY 14, 2013; COSTS IMPOSED.**

CONCUR: REIF, V.C.J. KAUGER, WATT, WINCHESTER, TAYLOR, COMBS, GURICH, J.J.

DISSENT: COLBERT, C.J., EDMONDSON, J.