OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LOCKARD

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LOCKARD
2023 OK 110
Case Number: SCBD-7505
Decided: 11/14/2023
IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 110, __ P.3d __

 

 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION Complainant,
v.
JAMES HARRY LOCKARD, Respondent.

BAR DISCIPLINARY PROCEEDINGS

¶0 On March 31, 2023, James Harry Lockard, a licensed Oklahoma lawyer, entered a no contest plea to two misdemeanor counts: 1) Domestic Assault and Battery and 2) Public Intoxication in Cleveland County, Oklahoma District Court, Case No. CF-2023-111. On August 1, 2023, this Court entered an order of Interim Suspension under Rule 7 of the Rules Governing Disciplinary Proceedings. The matter is before the Court to impose a final order of discipline.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW
FOR SIX MONTHS FROM THE DATE OF HIS INTERIM SUSPENSION.

Tracy Pierce Nester, Assistant General Counsel of the Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Steven L. Stice, for Respondent Lockard.

KUEHN, J.

¶1 This matter is before the Court for imposition of final discipline under Rule 7, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, Ch. 1, App. 1--A. James Harry Lockard (Respondent) was admitted to the Oklahoma Bar on September 24, 1998. Respondent is the Homicide Deputy Division Director for the Oklahoma Indigent Defense System (O.I.D.S). He began his 25-year legal career with O.I.D.S. in the homicide appellate division as a law school intern. In 2002, he was promoted to Deputy Division Chief. Respondent is also a United States Army veteran.

¶2 On January 23, 2023, Respondent was arrested and charged in Cleveland County, Oklahoma with a felony - Domestic Assault and Battery by Strangulation and two misdemeanors - Public Intoxication and Domestic Assault and Battery in the Presence of a Minor Child. On that evening, Respondent's wife called the police and reported that she and their 16-year-old daughter were home when an extremely drunk Respondent punched her, kicked her, and grabbed her throat. She reported that she hit Respondent in self-defense, and that she and her daughter hid inside a room to wait for the police as Respondent fled the home and began walking down the street. He was found in a public area by police in his pajama pants with no shirt, no shoes, and one sock. At the scene, officers photographed red marks on wife's throat.

¶3 Respondent plead no contest to a reduced charge of misdemeanor Domestic Assault and Battery and to Public Intoxication, as the District Attorney dismissed the felony Domestic Assault and Battery in the Presence of a Minor Child charge. Respondent admits that he entered the plea, and a finding of guilt was deferred for one year from March 31, 2023, to March 30, 2024, with rules and conditions of probation ordered by the district court.[1] Probation terms required a Domestic Violence Inventory Assessment, alcohol addiction treatment, and aftercare treatment for his alcohol addiction. The Bar Association filed A Notice of Criminal Conviction with this Court on June 15, 2023.[2]

¶4 The Court imposed an immediate interim suspension on August 1, 2023.[3] In entering the suspension, the Court determined that Respondent's crimes facially demonstrate his unfitness to practice law. The Order of Interim Suspension allowed Respondent (a) to show cause in writing why a final order of discipline should not be entered and to request a hearing, or (b) to file a brief with any evidence tending to mitigate the severity of discipline.[4] Respondent chose to write a response. He attached his mitigating evidence, which included character references, documentation of his rehabilitative efforts, and assessments noting his low risk to reoffend.

CONSIDERATION OF DISCIPLINE

¶5 Respondent filed a brief with the Court in which he readily acknowledges a long-term alcohol addiction and excessive alcohol use on January 21, 2023, when the crimes were committed. After his arrest, the Respondent took responsibility for his actions, entered a plea to the crimes and began treatment. He does not challenge the finding that the crimes demonstrate his unfitness to practice law and does not seek a hearing before the Professional Responsibility Tribunal. Instead, Respondent offers evidence in mitigation and requests the Court impose appropriate and fair discipline. Respondent requests (a) that the immediate interim suspension be lifted, (b) that he be reprimanded in some manner, (c) that he be required to continue substance abuse treatment or receive a deferred suspension, and (d) that he be allowed to return to the practice of law.

¶6 The Oklahoma Bar Association (Bar) recommends that the Respondent be suspended from the practice of law for six months from August 1, 2023, the date of his interim suspension.[5]

¶7 A Rule 7 proceeding "requires our determination of two principal issues: (1) whether an attorney's conviction or deferred sentence demonstrates an unfitness to practice law; and, if it does, (2) the appropriate level of discipline based on all facts and circumstances." State ex rel. Oklahoma Bar Association v. McCoy, 2023 OK 79, ¶ 9, 531 P.3d 1276, 1278, citing State ex. rel. Okla. Bar Ass'n v. Dunivan, 2018 OK 101, ¶ 16, 432 P.3d 1056, 1061 (citing State ex. rel. Bar Ass'n v. Cooley, 2013 OK 42, ¶ 12, 304 P.3d 453, 454). Rule 7.2, RGDP, provides that a certified copy of a plea of guilty, an order deferring judgment and sentence, or information and judgment and sentence of conviction shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence are based and shall suffice as the basis for discipline under the Rules. We find that the record presented is sufficient to form the basis for discipline, to which Respondent agrees.

¶8 After finding discipline is warranted, our duty in misconduct cases is to determine the proper discipline to impose. The goal of these proceedings is not to punish the attorney but to protect the public and preserve the integrity of the Bar. State ex rel. Oklahoma Bar Ass'n v. Conrady, 2012 OK 29, ¶ 16, 275 P.3d 133, 139. We have identified four components to attorney discipline: (1) safeguarding the public interest; (2) preserving public confidence in the judiciary; (3) promoting the integrity of the judicial system; and (4) deterring similar misconduct. State ex rel. Oklahoma Bar Ass'n v. McArthur, 2013 OK 73, ¶ 6, 318 P.3d 1095, 1098. Attorney discipline for cases of domestic violence result in the suspension from the practice of law.[6]

¶9 The facts and circumstances behind each domestic violence disciplinary matters are, of course, different. In State ex rel. Oklahoma Bar Ass'n v. Zannotti, 2014 OK 25, 330 P.3d 11, the attorney began dating a client after representing her in her divorce case. After the relationship was over, Zannotti attacked her in his home by pushing her onto a bed, head butting her in the face, and throwing her into a wall resulting in a gash and two black eyes. He also tried to strangle her. Zannotti also did not take full responsibility for his actions during the Bar proceedings, blaming the victim for being a needy girlfriend. The Court imposed a two-year suspension of Zanotti's license to practice law. Id. at ¶¶ 23, 25, 330 P.3d 11, 16-17.

¶10 The Court imposed a two-year-and-a-day suspension for attorney Givens in State ex rel. Okla. Bar Ass'n v. Givens, 2014 OK 103, ¶ 24, 343 P.3d 214, 219 for punching his 16-year-old son in the mouth after pulling him from a car in which he and his mother were hiding from an inebriated Givens. Givens had a history of domestic assaults and arrests for alcohol related crimes. In State ex rel. Okla. Bar Ass'n v. Demopolos, 2015 OK 50, ¶ 30, 352 P.3d 1210, 1219, the Court imposed an immediate suspension for a year with an additional one-year suspension, which included specific conditions. Demopolos, an alcoholic, beat his wife. He also had a history of domestic violence instances, a drug problem, and two relapses after alcohol related treatments.

¶11 In the recent case of State ex rel. Oklahoma Bar Association v. Faulk, 2021 OK 46, ¶ 29, 496 P.3d, 612, 618, the Court suspended attorney Faulk for two years. Faulk threatened and shoved his girlfriend, made her undress and choked her to unconsciousness. Id at ¶¶ 10-12. Faulk also had a repeated pattern of domestic violence incidents and was subject to other disciplinary proceedings. Id at ¶ 19.

MITIGATING FACTORS

¶12 Respondent Lockard offers character reference letters from his O.I.D.S. supervisor who has known Respondent since 1997, from the O.I.D.S. Executive Director who has known him for more than 25 years, his wife of 25 years, four co-workers (two attorneys, an assistant, and an investigator), and two practicing attorney friends of many years. What each of these letters have in common is that 1) they were all shocked and surprised at his inebriation, 2) that he is a talented attorney, 3) that his wife and daughter are important to him, 4) and that he is extremely remorseful and willing to do what it takes to be sober.

¶13 Mrs. Lockard expressed her desire for her husband to keep practicing law to support their family and pay for medical insurance. Most important, she was relieved that the incident resulted in her husband's desire to be sober and seek treatment for his alcoholism.

¶14 Included in the mitigation evidence is a verification of Respondent's completion of inpatient and outpatient treatment. He also included a copy of his Alcohol and Drug Substance Abuse and Anger Management Assessment and Evaluation. This evaluation does not include a description from the evaluator of the meaning of the test scores that Respondent received. However, the summary states that Respondent is aware of changes that must be made, takes his responsibilities seriously, expressed considerable remorse and full acceptance of responsibility for his actions. The evaluator then recommended the inpatient and outpatient programs that Respondent has now completed.

¶15 The Bar Association correctly points out that Respondent did not include proof of attendance to AA meetings, medication that he is taking for sobriety, negative urinalysis test results, or proof of involvement with Lawyers Helping Lawyers. As well, he did not provide an affidavit or testimony of his commitment to sobriety. A letter or affidavit from a treating physician or a licensed professional counselor about Respondent's diagnosis and recovery possibilities is not included in the mitigation packet.

DISCIPLINE

¶16 Substance abuse may be considered a mitigating factor in determining professional misconduct, but it does not shield the attorney from accountability. State ex rel. Oklahoma Bar Ass'n v. Doris, 1999 OK 94 ¶ 39, 991 P.2d 1015, 1025. This Court also recognizes that discipline may be mitigated when a lawyer understands the adverse effect of his substance abuse and cooperates in treating it. State ex rel. Oklahoma Bar Ass'n v. Giger, 2001 OK 96, ¶ 16, 37 P.3d 856, 863. But more importantly, and coupled with the substance abuse issue, is Respondents' act of domestic violence, and committed near a child.

¶17 This Court takes domestic violence seriously when considering discipline. In Zannotti, 2014 OK 25 at ¶ 24, the Court held "As incidents of domestic and intimate partner abuse rise and become the focus of legislation, ... and public attention, it becomes more incumbent on this Court to protect the public by sending a message to other lawyers that this misconduct is considered a serious breach of a lawyer's ethical duty and will not be tolerated." Although Respondent is on the correct path to sobriety and turning around his life, this Court must consider all the circumstances when considering whether he is ready to represent clients and practice law. The evidence presented was appropriate but also lacked assurance to the Court that he is ready to begin his important role as a lawyer representing persons on death row without first completing his criminal case probationary requirements.

CONCLUSION

¶18 With the Respondent's support system, the patience of his employer and his family, and the requirements set for recovery that will be monitored by the trial court, we hope that he succeeds. To ensure the completion of recovery, and to respond to the seriousness of his offenses, the Court imposes a six-month suspension from the date of interim suspension.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR SIX

MONTHS FROM THE DATE OF INTERIM SUSPENSION.

CONCUR: Rowe, V.C.J, and Kauger, Winchester, Edmondson, Gurich and Kuehn, JJ.

CONCURRING IN PART/DISSENTING IN PART: Kane, C.J., and Combs and Darby, JJ.

Kane, C.J., concurring part/dissenting in part:
"I would suspend for four months."

Combs, J., with whom Darby, J., joins concurring in part/dissenting in part:
"I would suspend until Respondent is released
from probation."

FOOTNOTES

[1] State of Oklahoma v. James Harry Lockard, Cleveland County District Court Case No. CF-2023-111.

[2] Rule 7.3, RGDP, provides that upon receipt by this Court of certified copies of Judgment and Sentence establishing that a lawyer has been convicted of a crime that demonstrates the lawyer's unfitness to practice law, the court may immediately suspend the lawyer from the practice of law until further order. In its order of suspension, the Court shall direct the lawyer to appear at a time certain to show cause, if any he has, why the order of suspension should be set aside.

[3] See SCBD 7505.

[4] Id.

[5] His suspension would expire on February 1, 2024, under this recommendation. His supervised probation for his deferred sentence in Cleveland County will expire on March 30, 2024.

[6] In the history of discipline cases, only in 2012 was an attorney given a public reprimand for domestic violence charges instead of a suspension of his law license. State ex rel. Okla. Bar Ass'n v. Corrales, 2012 OK 64, 280 P.3d 968.

 

 

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2001 OK 96, 37 P.3d 856, 72 OBJ 3401, 
STATE ex. rel. OKLAHOMA BAR ASSOCIATION v. GIGER
Discussed

 
2012 OK 29, 275 P.3d 133, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CONRADY
Discussed

 
2012 OK 64, 280 P.3d 968, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CORRALES
Discussed

 
2013 OK 42, 304 P.3d 453, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COOLEY
Discussed

 
2013 OK 73, 318 P.3d 1095, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. McARTHUR
Discussed

 
2014 OK 25, 330 P.3d 11, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ZANNOTTI
Discussed at Length

 
2014 OK 103, 343 P.3d 214, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GIVENS
Discussed

 
2015 OK 50, 352 P.3d 1210, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DEMOPOLOS
Discussed

 
2018 OK 101, 432 P.3d 1056, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. DUNIVAN
Discussed

 
1999 OK 94, 991 P.2d 1015, 70 OBJ 3622, 
State ex. rel. Oklahoma Bar Association v. Doris
Discussed

 
2021 OK 46, 496 P.3d 612, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. FAULK
Cited

 
2023 OK 79, 531 P.3d 1276, 
STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MCCOY
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA